IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **A.S., a Minor, through Guardian, A.S., individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TIKTOK INC. and BYTEDANCE INC.,**<br><br>**Defendants.** | Case No. 3:20-CV-00457-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Intervene (Doc. 31) filed by Proposed Third-Party Intervenors Meghan Smith; minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall; and minor R.P., through her mother and legal guardian Lynn Pavalon ("Proposed Intervenors"). Also pending is a Joint Motion to Stay the Court's consideration of the Motion to Intervene (Doc. 37), filed jointly by all plaintiffs and all defendants ("the Parties"). For the reasons set forth below, the Court denies the Motion to Intervene and finds as moot the Motion to Stay.

This action stems from claims by two minors on behalf of a class of Illinois minors relating to the use of TikTok, a video-sharing social media service. Plaintiffs claim that TikTok captured, collected and disseminated biometric identifiers and biometric information without obtaining written releases from plaintiffs or their legal guardians. Plaintiffs allege that this conduct violates Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1 *et seq.*, which was intended to protect the biometric information of Illinoisans from misuse by private entities. There are now close to twenty similar class actions in which Illinois TikTok users have sued under BIPA,

with other cases in the Northern District of Illinois and in the Northern and Central District of California (all such actions collectively, "TikTok Actions"). Plaintiffs in the instant action have a motion pending before the Judicial Panel on Multi-District Litigation ("JPML") which seeks to centralize the TikTok Actions in either the Southern or Northern District of Illinois. *In re TikTok, Inc. Data Privacy Litig.*, MDL No. 2948, Doc. 1.

Rather than waiting for decision of the JPML, however, named plaintiffs in *Hong v. ByteDance, Inc.*, a TikTok Action based in the Northern District of California, have sought to intervene in this action under Federal Rule of Civil Procedure 24(b) in order to present motions addressing:

> "(a) dismissing or transferring the Southern Illinois Cases to the Northern District of California pursuant to 28 U.S.C. § 1406(a) for lack of personal jurisdiction under Seventh Circuit law; (b) dismissing or staying the duplicative later-filed Southern Illinois Cases pursuant to this Court's inherent authority under the first-filed rule; or, alternatively, (c) transferring the Southern Illinois Cases pursuant to 28 U.S.C. § 1404(a)."

(Doc. 32 at 3).

Plaintiffs in this action oppose intervention, arguing that permitting intervention and briefing on the motions discussed by the Proposed Intervenors will waste judicial resources and likely be mooted by a subsequent decision of the JPML, further noting that intervention would not be proper as Proposed Intervenors have no interest in this action apart from its transfer. Plaintiffs have moved to stay the motion to intervene, arguing that the Court should wait for a decision of the JPML before considering intervention (Doc. 37).

## LEGAL STANDARD

The Court may allow permissive intervention by a non-party under Rule 24(b) for a movant whose "claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b); *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (1995). Permissive intervention may be allowed when the proposed intervenor must demonstrate that

there is (1) a common question of law or fact, and (2) independent jurisdiction. *See, e.g.*, *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007); *Flying J. Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009). Other than these two requirements, intervention under Rule 24(b) is entirely discretionary. *Id.* In deciding whether to permit intervention, a Court must consider whether granting intervention will unduly delay or prejudice the adjudication of the rights of the original parties. FED. R. CIV. P. 24(b)(3).

## ANALYSIS

Here, it is clear that the *Hong* intervenors have claims which share common questions of law and fact with the instant action, and there are independent grounds for federal jurisdiction. The Court, however, views intervention and consideration of the proposed motions as likely to prejudice the rights of the original parties. This action was brought by Illinois plaintiffs under Illinois law in Illinois, and the Court does not see why a court in California is any better placed to adjudicate this action. This Court is likely more familiar with BIPA than a court in California, and it would doubtless be significantly less convenient for plaintiffs in this action to litigate in California, while defendants are multinational entities which appear perfectly capable of litigating in Illinois.

Proposed Intervenors argue that this Court lacks jurisdiction. Defendants have not yet made any arguments regarding a lack of personal jurisdiction, however, and the Court does not presently see a need to dismiss or transfer due to a lack of personal jurisdiction. Similarly, the Court is not inclined to dismiss or transfer under the first-filed rule. Contrary to Proposed Intervenors' representations, their litigation does not appear to be significantly more advanced than this action—while the *Hong* action was filed approximately five months before this action, a BIPA claim was added only on May 11, 2020, four days before this action was filed, and the Northern District of California does not in fact appear to have taken any significant action in

regard to BIPA claims against the TikTok defendants. *See, e.g.*, *Hong v. Bytedance*, No. 3:19-cv-07792 at Doc. 35 (N.D. Cal.). Ultimately, this Court has a strong interest in applying Illinois law to protect Illinois citizens and is not inclined to entertain the proposed motions that would seek to adjudicate these claims in California.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Intervene (Doc. 31) and **FINDS AS MOOT** the Motion to Stay (Doc. 37).

**IT IS SO ORDERED.**

**DATED:** July 1, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**